IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SCOTT T. BEHLING, #664060 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv546 |
| UNKNOWN STEVENS, ET AL. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.  On May 24, 2021, the Magistrate Judge issued a Report and Recommendation (Docket No. 38), recommending that the action be dismissed without prejudice for failure to obey an order of the court.

After granting several extensions of time for Plaintiff to pay the required filing fee[1] (Docket Nos. 14, 21, 24), the Magistrate Judge issued the Report recommending the dismissal of Plaintiff's complaint for failure to obey an order of the court.   The Magistrate Judge also construed Plaintiff's objections (Docket No. 41) to the Report as a motion for extension of time to permit Plaintiff to pay the required filing fee.  Docket No. 42.  Instead of complying with the order, Plaintiff filed an additional objection (Docket No. 44) to the order granting him an extension of time and a motion for leave to proceed *in forma pauperis* (Docket No. 45)—both requesting that the Court draft the required fee from his inmate trust fund account.   It is Plaintiff's responsibility to complete all necessary paperwork required by the Texas Department of Criminal Justice (TDCJ)

---

[1] The filing fee is statutory. Plaintiff owed the statutory amount the instant that he filed his lawsuit, and the Court may not grant relief from the obligation to pay the fee. *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000). Congress, however, provided some relief by enacting the Prison Litigation Reform Act of 1996, which allows prisoners to pay an initial partial filing fee. Based on his assets as presented by Plaintiff, he was ordered to pay the full filing fee. Plaintiff has not demonstrated an inability to pay the filing fee based on his assets or income.

to draft money from his inmate trust fund account to pay a filing fee. Plaintiff expressed an understanding that he needed to file paperwork with TDCJ to have money removed from his inmate trust fund account in Docket Nos. 8 at 3, 13 at 2, 20 at 3, 23-1 at 1-2, 23-3 at 2.

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation de novo. *See* Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In Plaintiff's objections (Docket Nos. 41, 44), he wants the Court to extract the filing fee from his inmate trust fund account. Plaintiff, however, must submit all necessary paperwork required by TDCJ to have money removed from his inmate trust account. Plaintiff's refusal or failure to submit the necessary paperwork to the appropriate TDCJ department evinces his failure to comply with an order of the court.

Having reviewed Plaintiff's objections de novo (Docket No. 41, 44), the Court concludes that the objections are without merit and that the findings and conclusions of the Magistrate Judge are correct. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 38) is **ADOPTED** and that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey an order of the court.

So **ORDERED** and **SIGNED** this **30th** day of **July, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE